# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-KA-00642-SCT

*ROGERVELT SIMS a/k/a VELT*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/18/2024 |
| TRIAL JUDGE: | HON. LINDA F. COLEMAN |
| TRIAL COURT ATTORNEYS: | JAMIE MARIE BANKS |
| | DAVID LYDELL TISDELL |
| | CHERYL ANN WEBSTER |
| | CHRISTOPHER MICHAEL FINN |
| | STEPHANIE ALEXIS BROWN |
| | LASHONDRIA NICOLE GOODEN |
| | PATRICIA ANN BOOKER |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: JUSTIN COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 07/23/2026 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. In 2019, a Coahoma County grand jury indicted Rogervelt Sims on three counts: Count I, sexual battery of a child under the age of fourteen in violation of Mississippi Code Section 97-3-95(2) (Rev. 2014); Count II, felonious child abuse in violation of Mississippi Code Section 97-5-39(2)(b) (Rev. 2014); and Count III, exposure of another to human immunodeficiency virus (HIV) in violation of Mississippi Code Section 97-27-14(1) (Rev.

2014). Sims's eight-year-old daughter S.S. was his victim.[1]

¶2. Following trial, a jury found Sims guilty of all three counts. The circuit court sentenced Sims to serve twenty years for Count I, five years for Count II, and five years for Count III in custody of the Mississippi Department of Corrections, to be served concurrently. Sims's motion for a new trial was denied. He timely appealed.

¶3. Sims's sole challenge on appeal pertains to Count III. He argues that (1) the circuit court violated his Sixth Amendment right to confrontation by admitting Mississippi Department of Health (MDH) surveillance records of his HIV status; and (2) the State presented insufficient evidence to convict him of knowingly exposing S.S. to HIV. Upon review of the record, we find no reversible error. Therefore, we affirm Sims's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶4. In 2019, S.S. moved to Clarksdale, Mississippi, to live with Sims and meet her siblings. Before 2019, S.S. had lived with her mother in Arkansas. During her time in Clarksdale, S.S. spent much of her time with her older sister, who was in her mid twenties at the time of the incident. S.S. eventually told her older sister that, since moving to Clarksdale, Sims had put his "middle part" between her legs. As a result, S.S. experienced painful urination and bleeding. S.S.'s sister took her to the hospital the same day S.S. disclosed this information.

¶5. S.S. was first treated at Northwest Mississippi Regional Medical Center. The

---

[1] Initials are used to protect the identity of the minor child.

attending nurse observed bite marks, and S.S. reported that she "hurt really bad" in the vaginal and rectal areas. S.S. refused most of the examination. The nurse immediately notified law enforcement.

¶6.    Investigator Titus Hawkins testified that he was one of the officers who arrived at the hospital that evening. During his testimony, the State introduced State's Exhibit 2, which consisted of a Mississippi Rule of Evidence 902(11) affidavit from MDH's records custodian and MDH surveillance records reflecting Sims's HIV-positive status. Investigator Hawkins also testified that Sims admitted that he was HIV positive.

¶7.    Pediatrician Dr. Karen Farst provided additional medical treatment to S.S. at Children's Health Center in Little Rock, Arkansas. During her examination, Dr. Farst observed several injuries to S.S.'s vaginal and anal areas. Dr. Farst concluded that S.S.'s injuries were consistent with sexual abuse. S.S. tested negative for any sexually transmitted infection.

¶8.    S.S. recounted Sims's abuse in a forensic interview. The interview was admitted as Exhibit S-3 and played for the jury. S.S. also testified extensively about the abuse at trial.

¶9.    Sims testified in his own defense. He denied abusing S.S.

**DISCUSSION**

**1.    Whether the circuit court violated Sims's Sixth Amendment right to confrontation by admitting self-authenticating records of his HIV status.**

¶10.    Sims first argues that the circuit court violated the Confrontation Clause by admitting into evidence an affidavit from the MDH's records custodian, along with MDH surveillance

3

records reflecting his HIV-positive status, without being allowed to cross-examine the custodian or the official who created the report. These documents were admitted collectively as Exhibit S-2.

¶11. A criminal defendant's right to confront the witnesses against him is guaranteed by both the United States Constitution and the Mississippi Constitution. U.S. Const. amend. VI; Miss. Const. art. 3, § 26. The Confrontation Clause is violated when the State introduces a testimonial statement from a witness who does not testify at trial and whom the defendant has not previously had an opportunity to cross-examine. *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). Here, Sims asserts that he was denied his constitutional right to cross-examine the officials who had prepared and maintained the records admitted as Exhibit S-2.

¶12. To preserve an evidentiary issue for appellate review, counsel must make a contemporaneous objection at trial. *Phillips v. State*, 415 So. 3d 583, 591 (Miss. 2025) (quoting *Ronk v. State*, 172 So. 3d 1112, 1134 (Miss. 2015)). The failure to lodge a timely objection results in a waiver of the issue on appeal. *Id.* (citing *Ronk*, 172 So. 3d at 1134). This Court has repeatedly held that Confrontation Clause claims are procedurally barred when they were not raised before the trial court. *Id.* (quoting *Ronk v. State*, 172 So. 3d at 1134) (citing *Galloway v. State*, 122 So. 3d 614, 661 (Miss. 2013)); *Rogers v. State*, 928 So. 2d 831, 838 (Miss. 2006).

¶13. The record reflects that Sims's only objection to Exhibit S-2 concerned its admission through Investigator Hawkins's testimony. He did not object on the ground that admission

4

of the exhibit violated the Confrontation Clause. The State correctly relies on *McCray v. State*, 320 So. 2d 806, 807 (Miss. 1975) (quoting *Stringer v. State*, 279 So. 2d 156, 158 (Miss. 1973)), for the proposition that objecting on one or more specific grounds to the introduction of evidence waives all other grounds not asserted. *See also Fleming v. State*, 604 So. 2d 280, 292 (Miss. 1992) ("[A]n objection on one or more specific grounds constitutes a waiver of all other grounds." (citing *Stringer*, 279 So. 2d at 158)). Accordingly, Sims's Confrontation Clause challenge is procedurally barred.[2]

¶14.    Procedural bar notwithstanding, Sims's claim fails because neither of the documents in Exhibit S-2 contains a testimonial statement. The first document in Exhibit S-2 is a Rule 902(11) affidavit from a MDH custodian authenticating MDH's records showing Sims's HIV positive test results. The affidavit specifically states that the records are true and correct copies and "were kept in the ordinary course of regularly conducted business activity . . . ."

¶15.    This Court has held that a document is testimonial when it is created for the primary purpose of establishing evidence against the defendant. *Grim v. State*, 102 So. 3d 1073, 1078 (Miss. 2012). Here, the purpose of the custodian's affidavit was to certify that MDH's records were true copies maintained in the ordinary course of business, not to establish that Sims was HIV positive for purposes of prosecution. Under Rule 902(11), records of a regularly conducted activity may be authenticated by certification. MRE 902(11); *see also*

---

[2] Sims filed an untimely pro se supplemental reply brief that essentially mirrored the brief filed by the Office of State Public Defender. Sims additionally argued that his counsel was ineffective for failing to clearly raise a Confrontation Clause challenge when Exhibit S-2 was introduced. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). For the reasons discussed in this opinion, Sims's argument is without merit.

MRE 803(6) (exceptions to the hearsay rule). Likewise, "[t]his Court, adopting the rationale of the Mississippi Court of Appeals, has held that 'self-authenticating records of a defendant's prior convictions are not testimonial,' so the Sixth Amendment requirements . . . do not apply." *Small v. State*, 303 So. 3d 704, 713 (Miss. 2020) (quoting *Burrell v. State*, 183 So. 3d 19, 25 (Miss. 2015) (holding that self-authenticating records of the defendant's prior convictions were nontestimonial, so the prosecution was not required to call the individual who examined and certified the records in order to introduce them at sentencing for habitual-offender enhancement)).

¶16.    The Court of Appeals rationalized that holding otherwise would nullify Mississippi Rule of Evidence 902(4) and Mississippi Rule of Civil Procedure 44. *Frazier v. State*, 907 So. 2d 985, 996 (Miss. Ct. App. 2005). At that time, Rule 902(4) stated that "[a] copy of an official record or report . . . of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form certified as correct by the custodian or other person authorized to make the certification" is an admissible exception under the hearsay rule. *Frazier*, 907 So. 2d at 996 (first alteration in the original) (internal quotation marks omitted) (quoting MRE 902(4)). Additionally, under Mississippi Rule of Civil Procedure 44, a copy of an official record may be used instead of the original if the copy is "attested by a person purporting to be the officer having the legal custody of the record, or his deputy . . ." M.R.C.P. 44(a)(1).

¶17.    Considering the rationale of the Court of Appeals, we find that the self-authenticated documents at issue in this case are not testimonial and therefore do not implicate the

Confrontation Clause. Rule 902(11) provides that certified records of regularly conducted activity that meet the requirements of Rule 803(6) are self-authenticating if a custodian's certificate shows the custodian has "first hand knowledge of the making, maintenance, and storage of the record," and the record complies with Rule 803(6), which sets forth exceptions to the hearsay rule. MRE 902(11). In this case, the custodian's certificate satisfies those requirements and verifies that "the record was kept in the course of a regularly conducted activity of a business[.]" MRE 803(6)(B). If the custodian were called to testify, the only information she could provide is that the records are true and correct copies, not that Sims is HIV-positive.

¶18. Further, this Court has recognized that "[b]usiness and public records are generally admissible absent confrontation . . . because—having been *created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial.*" **Birkhead v. State**, 57 So. 3d 1233, 1234-35 (Miss. 2011) (first alteration in original) (internal quotation marks omitted) (quoting **Melendez-Diaz v. Massachusetts**, 557 U.S. 305, 324, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009)). The State points to Mississippi Code Section 41-34-3 (Rev. 2023), which provides that "board licensing health care providers may establish by rule and regulation practice requirements based, in part, on applicable guidelines from the Federal Centers for Disease Control which will protect the public from the transmission of [HIV]." Consistent with Section 41-34-3, MDH's surveillance records were created for the administrative purpose of monitoring HIV

7

status[3] and were reportedly kept in the ordinary course of regularly conducted business activity. The document was not created to prove that Sims was HIV positive. Thus, we find that Sims's Sixth Amendment right was not violated through the circuit court's admission of Exhibit S-2.

¶19. Moreover, any Confrontation Clause violation would be harmless error here. *See Conners v. State*, 92 So. 3d 676, 684 (Miss. 2012) (recognizing that Confrontation Clause violations are subject to harmless-error analysis). Before Exhibit S-2 was introduced, Investigator Hawkins testified that Sims admitted that he was HIV positive. Sims did not object or cross-examine Investigator Hawkins about his testimony. Because Exhibit S-2 was cumulative of Investigator Hawkins's uncontradicted testimony, it could not have prejudiced Sims's defense.

> **2.    Whether the evidence was sufficient to support Sims's conviction as to Count III.**

¶20. Sims next argues that the evidence was insufficient to support his conviction under Count III, exposure of another to HIV in violation of Section 97-27-14. Specifically, he claims that the State was required to prove and failed to prove that Sims was in a viral state at the time of the offense.

¶21. The State incorrectly asserts that Sims's claim is barred. Contrary to the State's assertion, Sims motioned for a direct verdicted as to Count III at the close of the State's case and renewed his motion for a directed verdict after he introduced evidence on his own behalf. Thus, he properly preserved the issue for appeal. *See Page v. State*, 990 So. 2d 760, 761

---

[3] https://msdh.ms.gov/page/14,13046,150.html (last visited June 11, 2026).

(Miss. 2008).

¶22.    "This Court reviews an appeal of an overruled motion for a directed verdict . . . as a matter of law, with the legal sufficiency of the evidence being viewed in a light most favorable to the State." *Johnson v. State*, 904 So. 2d 162, 166 (Miss. 2005) (citing *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993)).  "Essentially, all credible evidence supporting a defendant's guilt should be accepted as true, and all favorable inferences drawn from the evidence must be reconciled in the prosecution's favor." *Id.*  (citing *McClain*, 625 So. 2d at 778).  The relevant inquiry is whether any rational juror could have concluded that the essential elements of the crime were proved beyond a reasonable doubt. *Williams v. State*, 285 So. 3d 156, 159 (Miss. 2019) (citing *Martin v. State*, 214 So. 3d 217, 222 (Miss. 2017)).

¶23.    To prove he was guilty of exposing another to HIV, the State had to prove that Sims "knowingly expose[d] another person to [HIV]."  § 97-27-14(1).  Sims contends that, to prove exposure under the statute, the State is required to present evidence of the likelihood or possibility of transmission.  Sims provides no support for his argument, other than to argue the term *exposure* has not been clarified.  Notably, the statute contains no reference to viral load or the possibility of transmission.

¶24.    "This Court 'must follow the text of the statute when it is clear and unambiguous.'" *Holliday v. Devaull*, 353 So. 3d 425, 427 (Miss. 2022) (quoting *Chandler v. McKee*, 202 So. 3d 1269, 1274 (Miss. 2016)).  Section 97-27-14(1) is clear.  Under its plain language, the State was required to prove that Sims was HIV positive and knowingly exposed S.S. to HIV. The State presented Sims's own admission that he was HIV positive, as well as supporting

9

documentation. The State also presented ample evidence of exposure through medical-expert testimony and the victim's own testimony. Viewing the evidence in the light most favorable to the State, we find that a rational juror could have concluded that the Sims was guilty beyond a reasonable doubt.

## CONCLUSION

¶25. We find that the circuit court's admission of Exhibit S-2 did not result in reversible error and that the State presented sufficient evidence to support Sims's conviction under Section 97-27-14(1). Accordingly, we affirm Sims's conviction and sentence.

¶26. **AFFIRMED.**

**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**